IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KYNA MITCHELL, individually and
as Mother and Next Friend of
D.M., a minor,

Plaintiffs,

v.

ALTON MEMORIAL HOSPITAL,

Defendant.                                              No. 15-0823-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I.     Introduction

Pending before the Court is plaintiff Kyna Mitchell's motion to remand this action to the Third Judicial Circuit in Madison County, Illinois, for lack of subject matter jurisdiction. (Doc. 17). Plaintiff ("Mitchell") argues that the case was originally removed pursuant to the Federal Tort Claims Act, but since the United States has been dismissed from the case for Mitchell's failure to exhaust administrative remedies, all that remains are pendant state law claims against defendant Alton Memorial Hospital ("Alton") and therefore no independent basis for federal jurisdiction exists. (*Id.* pp.1–2). Alton opposes Mitchell's Motion, arguing this Court "should retain jurisdiction because a federal question remains as to whether Dr. Jacob is an employee under the Federal Tort Claims Act."

(Doc. 21 p.2). For the following reasons, the Court **DENIES** Mitchell's motion to remand.

## II. <u>Background</u>

Kyna Mitchell initially filed her complaint on February 20, 2015, in the Circuit Court for the Third Judicial Circuit in Madison County, Illinois. (Doc. 1 Ex. 1). In her complaint, Mitchell alleges Dr. Saji Jacob performed one or more negligent acts that caused injury to Mitchell's daughter. (*Id.* ¶ 18). Relevant to the remand motion, Mitchell alleges that Dr. Jacob was "working and acting within the course and scope of his employment and privileges with Alton Memorial Hospital." (*Id.* ¶ 5). Mitchell also alleges that Dr. Jacob was an employee of Southern Illinois Health Care Foundation, Inc. ("SIHF"). (*Id.* ¶ 7). Thus, Mitchell seeks damages not only from Dr. Jacob, but also from SIHF and Alton based on the alleged actions of their employees and agents, including Dr. Jacob. (*Id.* Counts II & III).

In response to Mitchell's complaint, the United States Attorney removed the case to this Court pursuant to 28 U.S.C. §§ 1442(a)(1) and 2679(d)(2) and 42 U.S.C. § 233(c), certifying that, for Federal Tort Claims Act purposes, SIHF and Dr. Jacob were employees of the United States acting within the scope of their employment at all relevant times. (Doc. 1 ¶¶ 1 & 3). The U.S. Attorney then filed a motion to dismiss Dr. Jacob and SIHF and interpose the United States as a party in their stead. (Doc. 3). This Court granted that motion on September 21, 2015. (Doc. 11). The next

day, the United States filed for summary judgment based on Mitchell's failure to exhaust her administrative remedies. (Doc. 12). Thereafter, this Court entered an order granting the United States and Mitchell's joint motion to dismiss the United States without prejudice. (Doc. 16).

Since the United States has exited the case, Mitchell filed the present motion to remand. Mitchell contends there is no longer an independent basis for federal jurisdiction because only state law claims remain. Accordingly, Mitchell argues, the Court should relinquish the case back to the state. (Doc. 17 p.2).

Alton disagrees. (Doc 21). It argues Mitchell's claim that Dr. Jacob is an employee of Alton raises a federal question sufficient to keep this case in federal court. (Doc. 21 p.2). The Federal Tort Claims Act, as amended by the Westfall Act, provides the exclusive remedy for damages resulting from acts or omissions of federal employees acting within the scope of their employment. 28 U.S.C. § 2679(b)(1). Alton cites authority explaining that whether an individual is a federal employee is a question of federal law. (Doc. 21 p.3).[1] Since Mitchell alleges Dr. Jacob is an employee of Alton, and the United States certified that Dr. Jacob is a federal employee, Alton argues this raises a federal question sufficient for this Court to retain jurisdiction. (*Id.*).[2]

---

[1] Alton cites *Logue v. United States*, 412 U.S. 521 (1973); *Quilon v. Kaplan*, 749 F.2d 480, 483 (7th Cir. 1984); and *Alexander v. Mount Sinai Hosp. Med. Ctr*, 165 F. Supp. 2d 768, 772 (N.D. Ill. 2001).

[2] Alton also argues this Court should retain jurisdiction because, in the event that Mitchell pursues and exhausts her administrative remedies against the United States, this case will

### III.   Legal Standard

This case was removed pursuant to the Westfall Act, 28 U.S.C. § 2679, which "accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." *Osborn v. Haley*, 549 U.S. 225, 229, 127 S.Ct. 881, 166 L.Ed.2d 819 (2007). Under the Westfall Act, when a federal employee is sued for wrongful conduct, the Attorney General has the authority to certify the employee was acting within the scope of his federal employment at the time of the incident. *Id.* at 229–30. Pursuant to the Act, when an action is removed to federal court upon the Attorney General's certification, that certification "conclusively establish[es] scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2). The Supreme Court has opined that "Congress adopted the conclusive for purposes of removal language to foreclose needless shuttling of a case from one court to another." *Osborn*, 549 U.S. at 242 (quotation omitted).

The Westfall Act changes the remand analysis. Because the Westfall Act makes the Attorney General's certification conclusive for removal purposes, certified Westfall Act cases differ "from the typical case remanded for want of subject-matter jurisdiction." *Osborn*, 549 U.S. at 243. "Ordinarily…the federal district court undertakes a threshold inquiry" such as whether "complete diversity exists or whether the complaint raises a

---

return to federal court. (Doc. 21 p.4). Since the Court determines that the Attorney General's certification is conclusive and precludes remand, the Court need not address this argument.

federal question." *Id.* But, in a certified Westfall Act case, "no threshold determination is called for; the Attorney General's certificate forecloses any jurisdictional inquiry." *Id.*

According to the Supreme Court, once an action is removed pursuant to the Attorney General's scope of employment certification, "§ 2679(d)(2) renders the federal court exclusively competent and categorically precludes a remand to the state court." *Osborn*, 549 U.S. at 243. In other words, the Attorney General's scope of employment certification is dispositive for purposes of removal. *Id.* at 242. This is so even where the certification is subsequently found to be erroneous or mistaken. *Id*; *see also Alexander v. Mount Sinai Hosp. Medical Center,* 484 F.3d 889 (7th Cir. 2007) (certified Westfall removal could not be remanded despite government's erroneous certification).

In the case of an erroneous certification, "a case could be locked into federal court even though the United States [is] not a party, there [is] no diversity of the parties, and no federal question [is] at issue in the litigation." *Alexander*, 484 F.3d at 896. Nonetheless, in a certified Westfall Action, a federal court may retain jurisdiction over such case without offending Article III. *Osborn,* 549 U.S. at 244–45; *Alexander*, 484 F.3d at 896. Article III permits such a result because a significant federal question arose at the outset of the litigation, namely, whether the employee was

entitled to Westfall Act immunity. *Osborn*, 549 U.S. at 244–45; *Alexander*, 484 F.3d at 896.

The Ninth Circuit Court of Appeals has held the same reasoning applies when the United States is dismissed from a certified Westfall Action post-removal. *See Dayton v. Alaska*, 584 Fed. Appx. 699, 699–700 (9th Cir. 2014). In so holding, the Ninth Circuit reasoned that "if a district court cannot remand even when a certification is unwarranted, it would violate the 'anti-shuttling' policy purposes of the Westfall Act to allow for a district court to remand at a later date on other grounds." *Id.* at 700.[3]

### IV. Analysis

This is a certified Westfall Act case. Upon removal, the Attorney General certified that Dr. Jacob was acting within the scope of his federal employment at the time of the incidents giving rise to the complaint. This certification is dispositive "[f]or purposes of establishing a forum to adjudicate the case." *Osborn*, 549 U.S. at 243. Accordingly, there is no question this Court possessed jurisdiction at the time of removal.

Less clear, is the question of jurisdiction upon the dismissal of the United States. *Osborn* holds that, upon certification and removal, jurisdiction is conclusively established and the district court has no authority to remand the action to state court. *Osborn*, 549 U.S. at 241–42.

---

[3] Although not precedent, the Court finds the reasoning in *Dayton* to be persuasive and consistent with controlling case law assessing jurisdictional matters in certified Westfall Actions.

This is so even if, post-removal, the certification is deemed erroneous. *Id.* at 242. As previously noted, the Ninth Circuit Court of Appeals has held that *Osborn* also precludes remand in certified Westfall Act cases where the United States has been dismissed as a party post-removal, reasoning that to hold otherwise would violate the "anti-shuttling" purpose of the Act. *Dayton,* 584 Fed. Appx. at 699–700.[4]

If the Ninth Circuit's interpretation of *Osborn* is correct, then jurisdiction is unimpeded by the dismissal of the United States from the case. More importantly, if the Ninth Circuit's interpretation of *Osborn* is correct, then this Court is actually *precluded* from returning this action to state court. Although not precedent, the Court finds the Ninth Circuit's reasoning is persuasive and consistent with the Supreme Court's decision in *Osborn.* That is, the Court finds, in the instant case, the Attorney General's certification conclusively established jurisdiction for purposes of removal. Further, the Court finds that, under *Osborn*, § 2679(d)(2) prohibits this Court from remanding this action based on the post-removal dismissal of the United States.

---

[4] This result is consistent with Seventh Circuit precedent holding that "if there is federal jurisdiction on the date a suit is removed…the final resolution of the claim that supported the suit's presence in federal court does not necessitate remand." *Anderson v. Aon Corp.*, 614 F.3d 361, 364 (7th Cir. 2010). So, if the Attorney General's certification conclusively establishes jurisdiction, then any subsequent post-removal findings should not divest this Court of jurisdiction. *See Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011) ("[E]vents after the date of removal do not affect federal jurisdiction."); *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 538 (7th Cir. 2006) ("Post-filing events…do not terminate jurisdiction that was proper at the outset.").

The Court notes, however, even if remand is not precluded under *Osborn*, the Court would have discretion to exercise jurisdiction over the remaining claims.[5] In the instant case, the Court would elect to exercise that discretion. Here, Mitchell's remaining claim against Alton involves a significant federal question: whether Dr. Jacob is an employee of Alton or of the United States. Mitchell is claiming that Alton is liable through the acts of its employee, Dr. Jacob. (Doc. 1 Ex. 1 ¶ 5 & Count III). Yet, Dr. Jacob has been certified by the Attorney General as acting within the scope of his federal employment. (Doc. 1 Ex. 5). "[S]ubstitution of the United States as the exclusive defendant under the Westfall Act confers immunity on the defendant employee." *Taboas v. Mlynczak*, 149 F.3d 576, 580 (7th Cir. 1998). Thus, Mitchell's case against Alton turns on whether Dr. Jacob was acting as an employee of Alton or the United States. Whether Dr. Jacob is a federal employee for purposes of the Westfall Act is a question of federal law. *Quilico v. Kaplan*, 749 F.2d 480, 483 (7th Cir. 1984). It is well within this Court's discretion to retain jurisdiction over the remaining

---

[5] If a district court has "dismissed all claims over which it has original jurisdiction," it may decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). But the court is not required to do so. *Anderson*, 614 F.3d at 364; *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639, 129 S. Ct. 1862, 1866, 173 L. Ed. 2d 843 (2009) ("A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary.").

claims to resolve the federal question regarding Dr. Jacob's employment status.[6]

Finally, the Court is aware of non-binding district court decisions out of the Second Circuit electing to remand certified Westfall Actions when the United States is dismissed post-removal. *See, e.g., Rosenblatt v. St. John's Episcopal Hosp.*, No. 11-CV-1106 ERK CLP, 2012 WL 294518 (E.D.N.Y. Jan. 31, 2012). In *Rosenblatt*, for example, the district court held that it was required to remand remaining state-law claims, upon the post-removal dismissal of the United States, because "[a]lthough a district court has discretion to exercise supplemental jurisdiction over state law claims even when it has dismissed all claims over which it has original jurisdiction…it cannot exercise supplemental jurisdiction unless there is a proper basis for original federal jurisdiction in the first place." *Id.* at *10 (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996)).

The Court finds the above reasoning to be inconsistent with the holding in *Osborn*. In *Osborn*, the Supreme Court held that a certified Westfall Act removal changes the remand analysis. *Osborn*, 549 U.S. at 243. In a certified Westfall Act case, no threshold determination is required. This is because the certification itself (even if erroneous) and the invocation

---

[6] Even if the Court subsequently finds that Dr. Jacob was an employee of Alton, "considerations of judicial economy, convenience and fairness to litigants…make it reasonable and proper for a federal court to proceed to final judgment, once it has invested time and resources to resolve the pivotal scope-of-employment contest." *Osborn*, 549 U.S. at 245 (quotations omitted). Thus "[e]ven if only state-law claims remained after resolution of the federal question, the District Court would have discretion, consistent with Article III, to retain jurisdiction." *Id.*

of § 2679(d)(2) conclusively establish federal subject matter jurisdiction. There is no need, (and in fact under *Osborn* it is likely improper) to conduct a separate jurisdictional inquiry. *Id.* ("In Attorney General certified Westfall Act cases...no threshold determination is called for; the Attorney General's certificate forecloses any jurisdictional inquiry.").

## V. Conclusion

Accordingly, for the reasons discussed herein, Mitchell's motion to remand (Doc. 17) is **DENIED.** This Court retains jurisdiction over Mitchell's remaining claim against Alton and Alton's counterclaim for a setoff.

**IT IS SO ORDERED.**

Signed this 23rd day of April, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.04.23 12:00:02 -05'00'

**United States District Court**